IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01788-BNB

NANCIE A. MUNSEY,

      Plaintiff,

v.

THE ELIZABETH C-1 SCHOOL DISTRICT & BOARD OF EDUCATION,
BART CHRISTENSEN,
CYNTHIA GROMELSKI,
JOEL JOHNSON,
MARCIA BEACH-LYONS,
BRUCE F. BARTLETT,
JAMES ECK,
THERESA M. SLADE,
COLORADO'S 18TH JUDICIAL DISTRICT,
JOHN P. LEOPOLD,
JEFFREY HOLMES,
COLORADO'S 18TH JUDICIAL DISTRICT DA'S OFFICE,
JAMES J. PETER,
CAROL CHAMBERS,
TOM JACKSON,
CAROLYN O'HARA,
STEPHEN FAUVER,
GINA MORELLI,
COLORADO PUBLIC DEFENDER'S OFFICE,
DAVID S. KAPLAN,
DOUGLAS K. WILSON, and
COLORADO'S 18TH JUDICIAL PUBLIC DEFENDER'S OFFICES,

      Defendants.

---

## ORDER OF DISMISSAL

---

      Plaintiff, Nancie A. Munsey, initiated this action by filing *pro se* a Complaint (ECF

No. 1) in which she asserts claims pursuant to 42 U.S.C. § 1983 and other federal laws

contending that her rights have been violated.  The Court must construe the Complaint

liberally because Ms. Munsey is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant.  *See id.*  For the reasons stated below, the Court will dismiss the action.

Ms. Munsey asserts a variety of claims against twenty-two Defendants in this action premised on her contention that she was falsely accused, prosecuted, and convicted of various criminal charges in Arapahoe County District Court case number 03CR30.  Ms. Munsey was convicted by a jury in March 2004 "on two counts of theft, one count of attempt to commit theft, four counts of embezzlement of public property, three counts of issuing a false certificate, and one count of attempt to influence a public servant."  *People v. Munsey*, 232 P.3d 113, 117 (Colo. App. 2009).  Ms. Munsey alleges that she was resentenced in July 2010 to two years in prison, three years of parole, and five years of probation.  She further alleges that she has completed the prison and parole portions of her sentence and that she remains on probation.  As relief in the instant action she seeks damages and expungement of her criminal conviction.  Ms. Munsey also requests injunctive relief in the form of new policies and procedures for prosecutors and public defenders in Colorado's Eighteenth Judicial District to protect other persons who may be prosecuted in the Eighteenth Judicial District.  The Court will not address Ms. Munsey's requests for injunctive relief in the form of new policies and

2

procedures for prosecutors and public defenders in Colorado's Eighteenth Judicial

District to protect other persons who may be prosecuted in the Eighteenth Judicial

District because she lacks standing to seek such relief.

To the extent Ms. Munsey seeks expungement of her criminal conviction, she

may not pursue her claims in this action because her sole federal remedy is a writ of

habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973) (holding that

"when a state prisoner is challenging the very fact or duration of his physical

imprisonment, and the relief he seeks is a determination that he is entitled to immediate

release or a speedier release from that imprisonment, his sole federal remedy is a writ

of habeas corpus").  The Court notes that Ms. Munsey also has filed a habeas corpus

action in the District of Colorado pursuant to 28 U.S.C. § 2254 challenging the validity of

her conviction in Arapahoe County District Court case number 03CR30.  *See Munsey v.

Holmes*, No. 13-cv-01789-BNB (D. Colo. filed July 8, 2013).

Ms. Munsey's claims for damages, which properly may be asserted in a civil

rights action pursuant to 42 U.S.C. § 1983, will be dismissed because those claims are

barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Pursuant to *Heck*, if a

judgment for damages necessarily would imply the invalidity of a criminal conviction or

sentence, the action does not arise until the conviction or sentence has been reversed

on direct appeal, expunged by executive order, declared invalid by an authorized state

tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512

U.S. at 486-87.  In short, a civil rights action filed by a state prisoner "is barred (absent

prior invalidation) – no matter the relief sought (damages or equitable relief), no matter

the target of the prisoner's suit (state conduct leading to conviction or internal prison

3

proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

It is apparent that most, if not all, of Ms. Munsey's claims in the Complaint implicate the validity of her criminal conviction.  It also is apparent that Ms. Munsey has not invalidated the validity of the criminal conviction she is challenging in this action.  Therefore, the Court finds that Ms. Munsey's claims for damages are barred by the rule in *Heck* and must be dismissed.  The dismissal will be without prejudice.  *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Finally, in addition to her claims that clearly and directly challenge the validity of her state court criminal conviction, Ms. Munsey asserts a series of claims (claims thirty-eight through forty-one) that appear to raise employment discrimination issues pursuant to Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Federal Whistleblower Protection Act of 1989, and the Colorado Constitution.  (*See* ECF No. 1-1 at 52-56.)  It does not appear that these employment discrimination claims are barred by *Heck*.  However, Ms. Munsey fails to provide a clear and concise statement of any employment discrimination claims in the Complaint.  Therefore, the employment discrimination claims will be dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal she also must pay the full $455

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.  Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice for

the reasons specified in this order.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  7th  day of   August  , 2013.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court